IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JENNIFER M., | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-21-1491 |
| KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On June 16, 2021, Plaintiff Jennifer M. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Defendant"), final decision to deny her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1. Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 13, 18) on January 18, 2022 and May 20, 2022, respectively.[1] After considering the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 18) is DENIED, the SSA's decision is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] On June 30, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 5.

1

## PROCEDURAL HISTORY

On October 30, 2018, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on October 1, 2019. ECF No. 10 at 16. Plaintiff's claim was denied initially on July 19, 2019, and upon reconsideration on February 7, 2020. *Id.* Subsequently, Plaintiff filed a written request for a hearing, and on December 2, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On December 15, 2020, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 28. Plaintiff requested a review of the ALJ's decision, which the Appeals Council denied on April 23, 2021. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On June 16, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not

"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant is determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 416.920(a)(4)(iv). The claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c)(1). At this second stage, the ALJ must consider all of the available evidence, including

the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [a claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then she is not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot perform other work, she is disabled.

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since October 30, 2018, the application date. ECF No. 10 at 18. At step two, the ALJ found that Plaintiff had the following severe impairments: Major Depressive Disorder—severe, recurrent, with anxious distress, Unspecified Bipolar Disorder, Unspecified Anxiety Disorder, and Posttraumatic Stress Disorder. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* The ALJ then determined that Plaintiff had the RFC:

> [T]o perform a full range of work at all exertional levels but with the following nonexertional limitations: She can understand, remember, and sustain attention and concentration to carry out simple, 1-2 step instructions. She is able to frequently interact with supervisors, occasionally interact with coworkers, and never interact with the public. She is able to make simple work-related decisions. In addition to normal breaks, the claimant would be off-task 10 percent of the time in an 8-hour workday.

*Id.* at 21. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. *Id.* at 26. Finally, at step five, the ALJ concluded that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," considering her age, education, work experience, and RFC. *Id.* at 27. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 28.

## DISCUSSION

Plaintiff asserts two arguments on appeal: (1) that the ALJ's RFC determination is not supported by substantial evidence because he failed to explain the limitation that Plaintiff would be off task 10% of the workday, and (2) that the ALJ's step-five determination is not supported by substantial evidence because the ALJ failed to address an apparent conflict between the Dictionary

6

of Occupational Titles and the Vocational Expert's ("VE") testimony. ECF No. 13-1 at 8–20. For the reasons that follow, I find Plaintiff's first argument compelling.

In determining RFC, an ALJ must consider the entire record, including opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *1 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

1996 WL 374184, at *7 (footnote omitted). "[T]he [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess [her] work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [RFC] be expressed in terms of the exertional levels of work." *Mascio*, 780 F.3d at 636 (footnote and citation omitted) (quoting SSR 96-8p, 1996 WL 374184). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019). Accordingly, remand may be appropriate " where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or

7

where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

This Court has previously opined on an ALJ's obligations for the RFC when including an off-task time limitation. *See Brian L. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-19-197, 2020 WL 1814205, at *3 (D.Md. Apr. 9, 2020); *Williams v. Berryhill*, No. CV TMD 17-1083, 2018 WL 3092273, at *6 (D.Md. June 22, 2018); *Kane v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-17-1252, 2018 WL 2739961, at *1 (D.Md. May 14, 2018); *Free v. Colvin*, No. TMD-15-1359, 2016 WL 5661651, at *6 (D.Md. Sept. 30, 2016). In each case, the Court required the ALJ provide an explanation for its conclusion that plaintiffs would be off task for a percentage of the workday. In *Brian L.*, the Court found that the ALJ had failed to do so, explaining "the ALJ failed to provide 'an accurate and logical bridge' between the evidence he discussed . . . and his RFC determination that Plaintiff would be off task 5% of the time." 2020 WL 1814205, at *3 (citations omitted). The Court concluded that it was unable, without greater explanation, to assess how the ALJ analyzed plaintiff's mental limitations in the RFC and thus remanded for further analysis. *Id.* Similarly, in *Kane*, the Court explained that "the assignment of a precise percentage of time off-task constituted a critical part of the disability determination," yet "the ALJ failed to explain how he reached" that conclusion. 2018 WL 2739961, at *1. Remand was thus warranted because "the VE's testimony rendering the percentage of time off-task [was] potentially work-preclusive," and the ALJ "failed to fulfill the duty of explanation on this issue." *Id.* at *2. It is clear, then, based on this Court's prior decisions that an RFC requiring off-task time must be supported by evidence that provides a bridge to that end.

Here, the ALJ determined that Plaintiff could "perform a full range of work" but explained, *inter alia*, that "[i]in addition to normal breaks, [Plaintiff] would be off-task 10 percent of the time

8

in an 8-hour workday." ECF No. 10 at 21. The ALJ provided no further explanation for the 10% off-task limitation. *Id.* at 21–26. Indeed, the ALJ did not mention the percentage at all in his narrative discussion. *Id.* Still, Defendant contends that there was an evidentiary basis for the ALJ's finding based on the opinions of the state agency psychological consultants and based on Plaintiff's own allegations. ECF No. 18-1 at 5–9. While some of the evidence described by the ALJ details Plaintiff's limitations with respect to concentration, the ALJ provides no "logical bridge" to explain how a limitation to 10% time off task would accommodate Plaintiff or why it is justified. *See Brian L.*, 2020 WL 1814205, at *3. Moreover, the ALJ's failure to explain this finding is particularly concerning in light of the VE's testimony that a 15% time off task limitation would be work preclusive. ECF No. 10 at 62. "Thus, the assignment of a precise percentage of time off-task constituted a critical part of the disability determination" but "the ALJ failed to explain how he reached the conclusion." *Kane*, 2018 WL 2739961, at *2. In light of this inadequacy, the Court must remand the case to the SSA for further analysis.

Because I remand on this ground, I do not consider Plaintiff's additional argument. On remand, the ALJ may consider all arguments and make any required adjustments to the opinion. *See Tanner v. Comm'r of Soc. Sec.*, 602 F.App'x 95, 98 n.* (4th Cir. 2015) (per curiam) (citing HALLEX I-2-8-18 (May 26, 2017)) (explaining that, when the Court remands, the Appeals Council vacates the entire prior decision and the ALJ considers all pertinent issues *de novo*).

## CONCLUSION

The Court thus concludes that the ALJ failed to provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 18) are DENIED. The decision of the SSA is REVERSED due to inadequate analysis, and this case is REMANDED for further proceedings in accordance with this Opinion. A separate Order will follow.

Date: 11 July 2022

_____
A. David Copperthite
United States Magistrate Judge